ACCEPTED
05-18-00617-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/7/2018 11:57 AM
LISA MATZ
CLERK



Monica W. Latin
Partner
214.855.3075
mlatin@ccsb.com

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/7/2018 11:57:46 AM
LISA MATZ
Clerk

June 7, 2018

**<u>Via E-Filing</u>**

Fifth Court of Appeals
George L. Allen, Sr. Courts Building
600 Commerce Street, Suite 200
Dallas, Texas 75202-4658

> Re: *Mark Smith, et al., v. Nerium International, LLC*, Case No. 05-18-00617-CV
> (Tex. App.—Dallas)

To the Honorable Court:

Appellee Nerium International, LLC, opposes Appellants' Motion for Temporary Emergency Relief and respectfully submits it should be summarily denied. By their motion, Appellants purport to seek "very narrow emergency temporary relief." But the motion presents no emergency, and the relief it seeks is not "narrow"—instead, it goes to the heart of the temporary injunction the trial court, in its discretion, found appropriate. The motion articulates no legitimate basis to gut that injunction or to preempt merits briefing while this accelerated interlocutory appeal is pending.

The temporary injunction issued by the trial court (CR.700) preserves the status quo pending trial by enforcing a contractual non-solicitation provision prohibiting Appellants from luring away Nerium International's "Brand Partners"—the network of independent contractors who comprise Nerium's sales force. Each Defendant/Appellant agreed to that non-solicitation provision.

Despite the label on their motion, Appellants have demonstrated no "emergency" at all—and certainly no exigency that is not adequately accounted for by the expedited schedule that already governs this interlocutory appeal. Their motion embodies an inappropriate attempt to accelerate briefing even further, to bypass the normal appellate processes, and to do so even before they have managed to have the Reporter's Record filed with this Court. The arguments Appellants advance would require the Court to resolve multiple issues of fact and law, issues that are basic to and intertwined with the ultimate merits of their appeal. The absence of any true emergency therefore magnifies the impropriety and unnecessary burden Appellants would impose by their attempt to shortcut the established briefing schedule.

Further, the relief they seek is hardly "narrow." It strikes at the core of the temporary injunction. When the Reporter's Record is filed, it will demonstrate that the issues they attempt to rush to decision here were extensively argued to the trial court and therefore are central to the merits of this appeal and the proper scope of the injunction. Their initial demand, for example— that the injunction should be modified to let them recruit to their new employer, Jeunesse, Nerium Brand Partners whom they personally sponsored at Nerium (Motion at 6–10)—was featured in their brief filed just before the temporary injunction hearing and, as the Reporter's Record will show, was emphasized to an even greater degree in their arguments at that hearing. *See, e.g.*, Defendants' Trial Brief Regarding Temporary Injunctive Relief (CR.671, 686–87, 688, 689). Their second request—that the injunction be modified to prohibit solicitation only of those persons whom they "***know***" to be Nerium Brand Partners—invites gamesmanship and "willful blindness" on their part. Again as the Reporter's Record and full briefing on the merits will show, Nerium demonstrated a clear and reasonable basis (grounded in evidence of the Appellants' own conduct) for the scope of the covenant agreed to by the parties. Appellants argued to the trial court that they should not even be required to *ask* their prospective recruits whether that person is a Nerium Brand Partner. The suggestion the contract should be rewritten and limited to those whom Appellants "know" to be Brand Partners—without requiring that they even ask—injects a subjective qualifier or requirement not present in the underlying contract and is too narrow to protect Nerium's legitimate interests.

With the temporary injunction in place, as is, Appellants can recruit anyone in the world to their new sales group at Jeunesse—anyone except Nerium Brand Partners. They should not be allowed to preempt the merits briefing in this accelerated appeal, unduly burdening Appellee and the Court, by racing to put forth two of their leading arguments on the even more expedited path of motions briefing.

As noted at the outset, Appellants' purported "emergency" motion should be summarily denied. The issues Appellants advance should be resolved through merits briefing and argument. There is no legitimate reason to bypass that process, especially in light of the shortened schedule that already governs this interlocutory appeal. But if the Court is inclined to entertain the motion, Nerium respectfully asks that the Court establish a briefing schedule to allow Nerium the time and opportunity to respond fully.

Sincerely,

Monica W. Latin

MWL/mtk

## <u>Certificate of Service</u>

I hereby certify that a true copy of the foregoing was delivered to all counsel of record via the Court's Electronic E-Filing System on the 7th day of June, 2018.

Richard A. Illmer
Rick.illmer@huschblackwell.com
Elizabeth G. (Heidi) Bloch
Heidi.bloch@huschblackwell.com
*Attorneys for Defendants*

_____
Monica Latin